IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| Brenda Lee Gethers, | ) | C/A No.: 9:13-1465-RBH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Carolyn W. Colvin, Commissioner of Social Security, | ) ) ) | |
| | ) | |
| Defendant. | ) ) | |

The plaintiff, Brenda Lee Gethers, brought this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), to obtain judicial review of the final decision of the Commissioner of Social Security denying her claim for Supplemental Security Income ("SSI") and Disability Insurance Benefits ("DIB") under the Social Security Act.

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. Section 405(g) of that Act provides: "[T]he findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive. . . ." 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964); *see*, *e.g.*, *Daniel v. Gardner*, 404 F.2d 889 (4th Cir. 1968); *Laws v. Celebrezze*, 368 F.2d 640 (4th Cir. 1966); *Tyler v. Weinberger*, 409 F. Supp. 776 (E.D. Va. 1976). This standard precludes a *de novo* review of the factual circumstances that substitutes the court's findings for those of the Commissioner. *See*, *e.g.*, *Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971); *Hicks v. Gardner*, 393 F.2d 299 (4th Cir. 1968). "[T]he court [must] uphold the [Commissioner's] decision even should the court disagree with such decision

1

as long as it is supported by 'substantial evidence.'" *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972). As noted by Judge Sobeloff in *Flack v.Cohen*, 413 F.2d 278 (4th Cir. 1969), "[f]rom this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." *Id*. at 279. "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that his conclusion is rational." *Vitek*, 438 F.2d at 1157-58.

Plaintiff filed her application for disability benefits on June 23, 2011, alleging disability as of August 27, 2010, due to a motor vehicle accident and back and foot problems. Plaintiff's claims were denied initially and upon reconsideration. The plaintiff then requested a hearing before an administrative law judge ("ALJ"), which was held on January 25, 2012. The ALJ thereafter denied plaintiff's claims in a decision issued on February 14, 2012. Plaintiff filed an action in this Court for review of the decision. The ALJ's findings became the final decision of the Commissioner of Social Security. Plaintiff has now appealed to the federal court.

The claimant was 47 years old on the alleged onset date. She completed the eleventh grade. Her past work experience includes employment as a pharmacy technician, assistant manager at a gas station, and assistant manager at a grocery store.

Under the Social Security Act, the plaintiff's eligibility for benefits hinges on whether he "is under a disability." 42 U.S.C. § 423(a)(1)(D). The term "disability" is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . " *Id*. at § 423(d)(1)(A). The burden is on the

claimant to establish such disability. *Preston v. Heckler*, 769 F.2d 988, 990 n.\* (4th Cir. 1985). A claimant may establish a *prima facie* case of disability based solely upon medical evidence by demonstrating that her impairments meet or equal the medical criteria set forth in Appendix 1 of Subpart P. 20 C.F.R. § 404.1520(d).

If such a showing is not possible, a claimant may also establish a *prima facie* case of disability by proving that she could not perform her customary occupation as the result of physical or mental impairments. *Taylor v. Weinberger*, 512 F.2d 664 (4th Cir. 1975). Because this approach is premised on the claimant's inability to resolve the question solely on medical considerations, it then becomes necessary to consider the medical evidence in conjunction with certain "vocational factors." 20 C.F.R. § 404.1560(b). These factors include the individual's (1) "residual functional capacity," *id.* at § 404.1561; (2) age, *id.* at § 404.1563; (3) education, *id.* at § 404.1564; (4) work experience, *id.* at § 404.1565; and (5) the existence of work "in significant numbers in the national economy" that the individual can perform, *id.* at § 404.1561. If the assessment of the claimant's residual functional capacity leads to the conclusion that she can no longer perform her previous work, it must be determined whether the claimant can do some other type of work, taking into account remaining vocational factors. *Id.* at § 404.1561. The interrelation between these vocational factors is governed by Appendix 2 of Subpart P. Thus, according to the sequence of evaluation suggested by 20 C.F.R. § 404.1520, it must be determined: (1) whether the claimant is currently gainfully employed, (2) whether she suffers from some physical or mental impairment, (3) whether that impairment meets or equals the criteria of Appendix 1, (4) whether, if those criteria are not met, the impairment prevents her from returning to her previous work, and (5) whether the impairment prevents her from performing some other available work.

The ALJ made the following findings in this case:

1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2011.
2. The claimant has not engaged in substantial gainful activity since August 27, 2010, the alleged onset date (20 CFR 404.1571 *et seq.*, and 416.971 *et seq.* 416.920(b) and 416.971 *et seq.*).
3. The claimant has the following severe impairments: degenerative disc disease; degenerative joint disease; and obesity (20 CFR 404.1520(c) and 416.920(c)). * * *
4. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).
* * *
5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to lift and carry 10 pounds occasionally and lesser amounts frequently, sit for 6 hours in an 8-hour day and stand and walk occasionally. Additionally, she cannot climb ladders, ropes, or scaffolds and can only perform other postural activities occasionally. She must avoid even moderate exposure to hazards and requires a cane for ambulation.
* * *
6. The claimant is unable to perform any past relevant work (20 CFR 404.1565 and 416.965).
7. The claimant was born on January 16, 1963 and was 47 years old, which is defined as a younger individual age 45-49, on the alleged disability onset date (20 CFR 404.1563 and 416.963).
8. The claimant has a minimal education and is able to communicate in English (20 CFR 404.1564 and 416.964).
9. The claimant has acquired work skills from past relevant work (20 CFR 404.1568 and 416.968).
10. Considering the claimant's age, education, work experience, and residual functional capacity, the claimant has acquired work skills from past relevant work that are transferable to other occupations with jobs existing in significant numbers in the national economy (20 CFR 404.1569, 404.1569(a), 404.1568(d), 416.969, 416.969(a) and 416.968(d)).
11. The claimant has not been under a disability, as defined in the Social Security Act, from August 27, 2010, through the date of this decision (20 CFR 404.1520(g) and 416.920(g)).
(Tr. 14-24.)

Pursuant to Local Civil Rule 83.VII.02(A), D.S.C, this action was referred to a United States

Magistrate Judge.  On July 30, 2014, Magistrate Judge Bristow Marchant filed a report and recommendation ("R&R") suggesting that the decision of the Commissioner should be affirmed.  The plaintiff filed objections to the R&R on August 12, 2014.  The defendant filed a reply to Plaintiff's objections on August 25, 2014.

The Magistrate Judge concluded that the record contains substantial evidence to support the conclusion of the Commissioner that the plaintiff was not disabled within the meaning of the Social Security Act during the relevant time period.

> The Magistrate Judge makes only a recommendation to the court.  The recommendation has no presumptive weight.  The responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976).  The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).
> The court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.*  However, the court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).  In the absence of a timely filed, specific objection, the Magistrate Judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

## **PLAINTIFF'S OBJECTIONS**

Plaintiff alleges that, in giving the opinion of treating physician Dr. Mills (an internist) "little weight", the ALJ erred in failing to address the length and frequency of treatment, the extent of treatment, and his longitudinal knowledge.  Plaintiff also contends that the substantial evidence does not support the Commissioner's finding that Dr. Mills' January 2012 opinion was not consistent with the other medical evidence.

Plaintiff indicates that she agrees with the Magistrate's analysis that any error in the ALJ's use

5

of the term "minimal education" was harmless. She also does not object to the Magistrate's finding that there was no reversible error with regard to compliance with SSR 00-4p. Therefore, the issues relating to the ALJ's analysis of Dr. Mills' opinion are the only issues before the Court.

## ANALYSIS

Under 20 C.F.R. § 404.1527, the opinion of a treating physician is generally entitled to more weight than the opinion of a non-treating physician. However, it is only given controlling weight if it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] record." 20 C.F.R. § 404.1527(d)(2). Under section 404.1527, if an ALJ determines that a treating physician's opinion is not entitled to controlling weight, he must then consider the weight to be given to the physician's opinion by applying five factors identified in the regulation: (1) the length of the treatment relationship and the frequency of examinations; (2) the nature and extent of the treatment relationship; (3) the evidence with which the physician supports his opinion; (4) the consistency of the opinion; and (5) whether the physician is a specialist in the area in which he is rendering an opinion. 20 C.F.R. § 404.1527(d)(2)(i-ii) and (d)(3)-(5).

Here, the ALJ relied on the records of other treating physicians who are specialists, Dr. Steichen (a neurosurgeon with Charleston Neurosurgical Associates); Dr. Alexander (a pain management specialist at Spine & Orthopaedics Specialists of South Carolina); and Dr. Rudolph (an orthopaedic surgeon). In doing so, the ALJ found that the opinions of Dr. Mills were not consistent with the other medical evidence of record. Any error by the ALJ in not specifically discussing other factors such as the length and frequency of Dr. Mills' treatment of the claimant is harmless in light of the fact that the ALJ relied on other treating physicians who were specialists. *See Hendrix v. Astrue*,

No. 1;09-01283-HFF, 2010 WL 3448624, at *3 (D.S.C. Sept. 1, 2010) ("The Court agrees that an express discussion of each factor is not required as long as the ALJ demonstrates that he applied the § 404.1527(d) factors and provides good reasons for his decision.")  The ALJ also gave "some weight" to the state agency doctors but reduced the claimant's RFC to sedentary work and recognized her need for a cane for ambulation.

The claimant argues that the ALJ failed to weigh Dr. Steichen's October 28, 2011 opinion which showed a worsening of her condition and his November 2011 recommendation that she try a spinal cord stimulator[1], both of which supported the 2012 functional capacity findings by Dr. Mills. However, the alleged onset date in this case was August 27, 2010 which was much earlier than these opinions. The recommendation of a spinal cord stimulator was mentioned in another physician's records and was shortly before the January 2012 hearing date. The findings of the ALJ are supported by substantial evidence.  The ALJ is not required to give a treating physician's opinion controlling weight and may accord it less weight for a variety of reasons. In this case, the ALJ discussed in detail the medical evidence and testimony presented and provided explicit reasons for not accepting Dr. Mills' 2012 opinion.

## **CONCLUSION**

The findings of the ALJ are supported by the substantial evidence and were not controlled by legal error. "Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the (Commissioner) or the (Commissioner's designate, the ALJ." *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). On the record before it, this

---

[1] On November 23, 2011, Dr. Alexander wrote in his medical records that "Dr. Steichen recommended consideration of a spinal cord stimulator trial but insurance would not cover it." (Tr 420)

court must overrule all objections and agree with the Magistrate Judge's recommended disposition of this case. After carefully reviewing the record in this matter, the applicable law, and the positions of the parties, the court is constrained to adopt the recommendation of the Magistrate Judge and accept the determination of the Commissioner that the plaintiff is not disabled.

For the foregoing reasons, all objections are overruled; the report and recommendation of the magistrate judge is incorporated herein by reference; and the decision of the Commissioner denying benefits is hereby affirmed.

**IT IS SO ORDERED**.

s/R. Bryan Harwell
R. Bryan Harwell
United States District Judge

September 17, 2014
Florence, South Carolina